# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MERCEDES REYES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:11-cv-01071-GMN-GWF |
| vs. | ) | |
| | ) | **ORDER** |
| REGINA CRUZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Plaintiff filed her lawsuit in this Court on June 29, 2011, alleging that she entered into an oral agreement with Defendant and Defendant now owes her $30,000.00 plus interest pursuant to that agreement. The Court lacks subject matter jurisdiction over this lawsuit, so it must be dismissed.

    Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks,* 530 F.3d 799, 810 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). Indeed, federal district courts only have subject matter jurisdiction over civil actions arising under federal law, *see* 28 U.S.C. § 1331, or where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00, *see* 28 U.S.C. § 1332(a).

    The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen,* 511 U.S. at 377. A court may raise the question of subject matter jurisdiction *sua sponte* at any time during an action. *United States v. Moreno-Morillo,* 334 F.3d 819, 830 (9th Cir. 2003). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its

entirety." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).

Plaintiff's Complaint does not contain any basis for this Court exercising subject matter jurisdiction over the lawsuit.  This lawsuit does not arise under federal law, as Plaintiff simply makes three state law claims: (1) Breach of Oral Contract; (2) Unjust Enrichment; and (3) Breach of Covenant of Good Faith and Fair Dealing.  Nor is there complete diversity of citizenship, as the Complaint acknowledges that both Plaintiff and Defendant reside in Nevada. (Compl. ¶¶ 1 & 2, ECF No. 1.)  Nor is the amount in controversy in excess of $75,000.00, as the Complaint requests only $30,000.00 plus appropriate interest.  Accordingly, the Court lacks subject matter jurisdiction over this lawsuit and it must be dismissed.

## CONCLUSION

**IT IS HEREBY ORDERED** that this lawsuit is **DISMISSED without prejudice** to it being filed in state court.

DATED this 7th day of July, 2011.

_____
Gloria M. Navarro
United States District Judge